UNITED STATES SHOE CORP, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 94–11–00668

*Before:* DOMINICK L. DICARLO, *Chief Judge,*
JANE RESTANI, *Judge,* and
R. KENTON MUSGRAVE, *Judge.*

(Dated February 15, 1995)

## SCHEDULING ORDER

DICARLO, *Chief Judge:* As it appears that this captioned case, and the cases listed on the attachment to this order, and other cases that may subsequently be filed while the captioned case is pending, involve as a common issue the constitutionality of the Harbor Maintenance Tax imposed by 26 USC 4461–62; and, as it further appears that adoption of special procedures to reach a final and immediately appealable decision of the constitutional issue in the captioned case will reduce expenses and delays and expedite the disposition of all the cases; the court ORDERS:

1. Except as otherwise specified in this order, all further proceedings and the filing of papers in the captioned case, the cases listed in the attachment to this order, and all other cases subsequently filed in which the constitutionality of the Harbor Maintenance Tax is challenged, shall be stayed until further direction of the court.

2. By filing concurrent cross-motions for summary judgment, the parties in the captioned case shall address the following issues:

> (a) Whether the court has subject matter jurisdiction to hear and decide this type of case;
> (b) If so, does the court have that authority under 28 USC 1581(a) or (i) or both (a) and (i); and
> (c) Does the imposition of the Harbor Maintenance Tax violate Article 1, Section 9, Clause 5 of the Constitution which provides that "no Tax or Duty shall be laid on Articles exported from any state."

3. The cross-motions for summary judgment and briefs in support of the respective cross-motions shall be filed no later than April 14, 1995.

The supporting briefs shall not exceed 50 pages. Response briefs shall be filed no later than 30 days after the moving briefs are filed and shall not exceed 25 pages. No reply briefs are permitted. No extension of time will be allowed.

4. Plaintiffs in the cases listed in the attachment to this order are allowed by this order to participate as *amicus curiae* by filing briefs and participating in oral argument in support of the position of plaintiff in the captioned action. Plaintiffs in cases not listed in the attachment shall not be allowed to participate as *amicus curiae*. A plaintiff intending to participate as *amicus curiae* shall file with the court and serve upon the parties in the captioned action notice to that effect within 30 days from the date of this order. If an *amicus curiae* wishes to participate in the oral argument, the notice shall include a statement to that effect. An *amicus curiae* shall file its supporting brief subject to the same time and page limitations set forth in this order for plaintiff in the captioned action. No response brief may be filed by any *amicus curiae*. Defendant, at its discretion, may file a consolidated brief in response to all *amici curiae* briefs or a separate brief in response to each *amicus curiae* brief. Defendant's consolidated brief, or separate briefs, shall not exceed one-half the total number of pages of all *amici curiae* briefs, and shall be filed no later than 60 days after *amici curiae* briefs are filed.

5. The parties in the captioned action shall advise the court within 30 days from the date of this order of any factual or legal issues, other than those specified in paragraph "2" above, to be determined before a final and immediately appealable decision may be rendered in the captioned case.

6. After response briefs are filed, the court shall issue a supplement to this order setting a date, and apportioning time, for oral argument by the parties in the captioned action and *amici curiae*.

7. The captioned case previously has been assigned by the chief judge to a three-judge panel consisting of Chief Judge DiCarlo together with Judges Restani and Musgrave. Cases listed in the attachment to this order not previously assigned to the three-judge panel are, by this order, assigned by the chief judge to the three-judge panel. Other cases subsequently filed in which the constitutionality of the Harbor Maintenance Tax is challenged also, by this order, are to be assigned to the three-judge panel.

8. A copy of this order promptly shall be filed by the clerk of the court in each case listed in the attachment to this order, and provided to the plaintiff in each such case. A copy of this order promptly shall be provided by the clerk of the court to the plaintiff in each case subsequently filed in which the constitutionality of the Harbor Maintenance Tax is challenged.